UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMSELFILM PRODUCTIONS, Plaintiff,<br><br>v.<br><br>JOHN DOES I-997, Defendants | Case # 2:12-cv-03864(FSH)(PS)<br><br>MOTION TO QUASH SUBPOENA SERVED UPON CUSTODIAN OF RECORDS, COMCAST CABLE COMMUNICATIONS |

COMES NOW DOE IP 76.26.60.183 (list of DOES I-997 is not numbered) and states as follows:

1. Pursuant to Fed. R. Civ. P. 45(c)(3)(A), DOE IP 76.26.60.183 files this Motion to Quash Subpoena served upon Custodian of Records, CAMCAST CABLE COMMUNICATIONS, because the subpoena requires disclosure of protected information and subjects DOE IP 76.26.60.183 to undue burden.

2. DOE IP 76.26.60.183 has standing to move to quash the subpoena because it seeks disclosure of personal identification information considered to be confidential and over which DOE IP 76.26.60.183 has personal and proprietary interests. DOE IP 76.26.60.183 also has standing to move to quash the subpoena to protect reputational interests. FED. R. CIV.P. 45(c)(3)(B) allows a person affected by, but not subject to, a subpoena to move to quash the subpoena.

3. The AMSELFILM PRODUCTIONS complaint and ex parte request for expedited discovery form yet another in a wave of suits in which copyright infringement plaintiffs seek to "tag" a defendant based solely on an IP address. However, an IP address is not equivalent to a person or entity. It is not a fingerprint or DNA evidence - indeed, far from it. In a remarkably similar case in which an adult entertainment content producer also sought expedited discovery to learn the identity of persons associated with IP addresses, United States District Judge Harold Baker of the Central District of Illinois denied a motion for expedited discovery and reconsideration, holding that, "IP subscribers are not necessarily copyright infringers... .The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." Order of Apr. 29, 2011, VPR Internationale v. DOES 1-1017, No. 2:11-cv-02068 (Central District of Illinois) (Judge Harold A. Baker) [hereinafter VPR Internationale Order], attached hereto as Exhibit C. The point so aptly made by Judge Baker is that there may or may not be a correlation between the individual subscriber, the IP address, and the infringing activity. Id. The risk of false identification by ISPs based on internet protocol addresses is vividly illustrated by Judge Baker when he describes a raid by federal agents on a home allegedly linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP (in the same fashion as Plaintiff seeks to extract such information from COMCAST CABLE COMMUNICATIONS.) After the raid revealed no pornography on the family computers, federal agents eventually learned they raided the wrong home. The downloads of pornographic material were traced to a neighbor who had used multiple IP subscribers' Wi-Fi connections. Id. This risk of false identification and false accusations through disclosure of identities of internet subscribers is also presented here. Given the nature of the allegations and the material in question, should this Court force COMCAST CABLE COMMUNICATIONS to turn over the requested information, DOE IP 76.26.60.183 would suffer a reputational injury.

4. DOE IP 76.26.60.183 resided in a three story residential structure that had been subdivided into various individual apartments and common areas. DOE IP 76.26.60.183 was the only one of several persons living in the residential structure that had an internet service provider. His personal laptop computer is connected to the internet service connection through WiFi connection. Any guest in the apartment had access to said connection, as well as any hacker on the street could highjack, and had ample opportunity to use DOE IP



John Doe
Key West FL 33040

US District Courts
District of New Jersey
Martin Luther King JR
Federal Building @ USCourthouse
50 Walnut St
Newark, NJ 07101

RECEIVED
SEP 19 '12
AT 8:30_____M
WILLIAM T. WALSH, CLERK