<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| AMSELFILM PRODUCTIONS GMBH & CO. KG, | Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiff, | Civil Case No. 12-3864 (FSH) (PS) |
| v. | **ORDER** |
| SWARM BB012, an unincorporated joint enterprise, and JOHN DOES 1-997, such persons being presently unknown participants and members of the joint enterprise, | Date: October 10, 2012 |
| Defendants. |   |

This matter coming before the Court upon various motions, letters, applications, and notices filed by defendants requesting that the court ordered subpoena dated July 18, 2012 be quashed [Docket Nos. 11, 12, 15, 17, 18, 20, 26]; and

it appearing that on June 25, 2012, Plaintiff filed a Complaint against 997 defendants, known presently only by their Internet Protocol ("IP") addresses, alleging that Defendants unlawfully distributed Plaintiff's copyrighted work, the soundtrack to the film "Bablo" (the "work"), through their participation in a "torrent" or "swarm;"[1] and

---

[1] Plaintiff explains that in a "torrent" or "swarm", "peers in the [peer-to-peer] network act as their own central server and communications management system, each storing and distributing the work from individual computers and Internet service accounts, while identifying the other users from which copies may be illegally obtained."  Compl. ¶ 23.  Furthermore, torrent technology allows for the piecemeal distribution of a work, as it "breaks the files into small pieces and allows simultaneous uploading and downloading of the pieces between and among the torrent users."  June 18, 2012 Declaration of David Farris ¶ 11, 14.

1

it appearing that attached to the Complaint as Schedule B is a chart listing information about each defendant's involvement in the swarm, including the alleged date that defendant distributed the work, the defendant's IP address, and the location of the defendant's IP address; and

it appearing that while Plaintiff alleges that each defendant distributed pieces of the same work, Defendants' alleged instances of distribution, as indicated in Schedule B of the Complaint, are spread across various dates; and

it appearing that permissive joinder under Fed. R. Civ. P. 20(a)[2] is not appropriate where Defendants' only determinable connection to one another is the similar method of distributing the same work, and where Defendants' alleged instances of distribution constitute separate transactions;[3] and

---

[2] Fed. R. Civ. P. 20(a)(2) states that defendants may be joined in an action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

[3] There is a split among federal courts across the country as to whether the numerous defendants in copyright infringement cases such as this have been properly joined. *See, e.g. Media Products, Inc. v. John Does 1-26*, No. 12 Civ. 3719, 2012 WL 3866492, *2 (S.D.N.Y. September 4, 2012) (holding that joinder of 26 defendants in copyright infringement action is improper); *Third Degree Films, Inc. v. Does 1-131*, 280 F.R.D. 493, 497-99 (D. Ariz. 2012) (holding that joinder of 131 defendants in copyright infringement action is improper); *Malibu Media, LLC v. John Does 1-5*, No. 12-cv-2954, 2012 WL 3641291, *3-*5 (S.D.N.Y. August 24, 2012) (holding that joinder of 5 defendants in copyright infringement action is proper). While this Court appreciates that those who participate in the same swarm are virtually "connected" by the same copyrighted work, this Court is not convinced that the purported instances of distribution, as identified by digital rights enforcement company Baseprotect and listed in Schedule B of the complaint, are a part of the same transaction, particularly because they span across various dates and times. Although there may be multiple individuals who distribute pieces of the same work and are thereby described as being in the same swarm, it is probable that different people within the swarm never distribute a piece of the work to the same person, or at the same moment in time. *Third Degree Films,* 280 F.R.D. at 498 (finding that participation in the same swarm does not constitute the same transaction or occurrence or series of transactions or occurrences for purposes of joinder because a particular swarm "can last for many months" and "[d]uring those months, the initial participants may never overlap with later participants"); s*ee also* June 18,

2

it further appearing that while permissive joinder may be appropriate where litigation economies can be gained, that is not the case here where 997 defendants are being sued in a single action, as this creates a severe strain on judicial resources;[4] and

it appearing that a court may in its discretion, under Fed. R. Civ. P. 20(b), 21, and 42(b), sever and dismiss claims against certain parties; *see Adams v. City of Camden*, 461 F. Supp. 2d 263, 271 (D.N.J. 2006) (using discretion under Fed. R. Civ. P. 21 to dismiss claims against all unnamed defendants); *see also Media Products,* 2012 WL 3866492, *2 (finding joinder to be inappropriate in copyright infringement lawsuit, and using discretion under Fed. R. Civ. P. 20(b), 21, and 42(b) to sever and dismiss all claims against all but one John Doe defendant); *Third Degree Films,* 280 F.R.D. at 497-99 (same); and

it appearing that for permissive joinder in this matter to be appropriate and to not strain judicial resources, there must be a connection between defendants beyond the copyrighted work and method of distribution, namely that defendants were involved in the same transaction with the same downloader at the same time;

**IT IS** on this 10th day of October, 2012

---

2012 Declaration of David Farris ¶ 25.  Without more connecting them, 997 defendants who have distributed pieces of the work at different times cannot be permissively joined in this case. For joinder to be appropriate, Plaintiff must show a more definite connection between participants in the swarm, namely that the group of defendants sought to be joined have directly participated in the same transaction.  For example, the Plaintiff might be able to establish joinder by showing that on a certain date and time, a particular subset of the swarm distributed pieces of the work to a common downloader.

[4] This filing strategy may save Plaintiff a substantial amount of money in filing fees mandated by statute, *see* 28 U.S.C. 1914(a) (requiring parties instituting any civil action, suit or proceeding in a district court to pay a filing fee of $350), but it causes a significant burden on judicial resources.  Furthermore, a case with 997 defendants would be "inefficient, chaotic, and expensive."  *See Pacific Century Intern. v. Does*, No. C-11-02533, 2011 WL 5117424, *3 (N.D. Cal. October 27, 2011) (discussing the severe difficulties that a copyright infringement case with 130 defendants would pose).  Not only would normal routine case management be problematic, but it would be physically impossible for every party to appear in court should they so choose.

**ORDERED** that pursuant to Fed. R. Civ. P. 20(b), 21, and 42(b), all claims against all defendants except John Doe 1 be severed and dismissed without prejudice to re-file, in conformity with the rules set forth below, a) an action in this court, subject to the rules below, against any one, or all, of the severed defendants whose IP addresses are located in New Jersey by filing an individualized complaint against that defendant, and/or b) an action in a more appropriate court against any one, or all, of the severed defendants whose IP addresses are located outside of New Jersey by filing an individualized complaint against that defendant, and/or c) an action against defendants who have been joined under Fed. R. Civ. P. 20 as a result of a connection not only to the same swarm but also to a common downloader at a certain point in time, and where personal jurisdiction and venue is appropriate; and it is further

**ORDERED** that any subpoena(s) issued in this action to internet service provider(s) seeking information about the identity of John Doe defendants other than John Doe 1 is hereby quashed without prejudice; and it is further

**ORDERED** that by October 12, 2012, Plaintiff shall serve a copy of this order upon those internet service providers who were recipients of any subpoenas issued in this action; and it is further

**ORDERED** that all pending motions and/or applications that have not been filed by John Doe 1 are hereby be terminated; and it is further

**ORDERED** that the following requirements apply to any matter re-filed in this court as a result of this Order:

1. Plaintiff shall attach to its complaint a certification indicating that it will not engage in any coercive settlement or litigation tactics with defendants upon learning their

identifying information, acknowledging that it has notice of possible sanctions for non-compliance.

2. Any filing with this Court, whether letter, application, motion, or otherwise, shall conform to the Local Rules of the District of New Jersey, and the Individual Rules of this Court.

3. Any filing requesting that a subpoena be quashed, a protective order issued, or claim severed, shall be presented to Magistrate Judge Shwartz in the form of a formal motion.

4. Should any party wish to proceed anonymously, it shall first file a formal motion to proceed anonymously before Magistrate Judge Shwartz. That motion may not merely state that the defendant may suffer embarrassment or economic harm, but rather must sustain the burden of showing "both (1) a fear of *severe* harm, and (2) that the fear of severe harm is reasonable." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (emphasis added; citation omitted).

5. Any defenses challenging personal jurisdiction or venue will be considered premature and will be stricken if raised before service of the complaint.

6. In a case with multiple defendants, after plaintiff has effected service on defendants and defendants have responded with any relevant defenses, this Court shall determine whether a particular defendant should be severed pursuant to Fed. R. Civ. P. 21 and/or dismissed.

/s/ Faith S. Hochberg_____
Hon. Faith S. Hochberg, U.S.D.J.